CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONYA A. TAYLOR, ) | |
| ) | Civil Action No. 7:14CV00616 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By:   Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Tonya A. Taylor, was born on December 28, 1975, and eventually completed her high school education. Mrs. Taylor also attended college for one year. Plaintiff has been employed as a fast food worker, cook's helper, cashier, grocery bagger, stock clerk, grill cook, waitress, and dining room attendant. She last worked in 2009. On April 11, 2011, Mrs. Taylor filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on October 1, 2009 due to diabetes, depression, and heart murmur. Plaintiff now maintains that she has remained disabled to

the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Taylor met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Taylor's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 29, 2013, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Taylor suffers from several severe impairments, including diabetes mellitus with peripheral neuropathy; spinal tenderness and possible spasm; depressive disorder; and post-traumatic stress disorder. (TR 22). Because of these problems, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. (TR 28). However, the Law Judge determined that Mrs. Taylor retains sufficient functional capacity for a limited range of light work. The Law Judge characterized plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations. The claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, sit for up to 6 hours total in an 8 hour workday, and stand and/or walk for up to 6 hours total in an 8 hour workday. She can occasionally push/pull with the left upper and left lower extremity. The claimant can never crawl or climb ladders, ropes, or scaffolds; but occasionally climb ramps or stairs, balance, kneel, stoop, crouch; can occasionally reach in front laterally, and overhead with the left upper extremity; and frequently handle or use hand controls with the left upper extremity. She should not repetitively use the left upper extremity or repetitively use the left lower extremity for foot controls. The claimant should avoid exposure to hazardous machinery, unprotected heights, and vibrating surfaces. She is able to understand, remember, and carry out simple instructions in repetitive, unskilled work. The claimant should have work that involves only occasional interactions with the public.

(TR 23). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

2

Mrs. Taylor remains capable of performing several specific light and sedentary work roles existing in significant number in the national economy. (TR 29-30). Accordingly, the Law Judge ultimately concluded that Mrs. Taylor is not disabled, and that she is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Taylor has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Taylor suffers from severe diabetes, back problems, and emotional difficulties. The court believes that the Law Judge reasonably relied on a consultative physical examination performed by Dr. William Humphries in concluding that plaintiff's physical problems are not so severe as to prevent performance of lighter work activity, though with a variety of restrictions caused by plaintiff's neuropathy and back condition. The problem in this case turns on the Law Judge's assessment of Mrs. Taylor's emotional

3

emotional difficulties. As previously noted, the Law Judge found that plaintiff suffers from a severe depressive disorder and severe post-traumatic stress disorder. In her opinion, the Law Judge relied on a report from a consultative psychologist in concluding that Mrs. Taylor's emotional and mental conditions result in moderate difficulties with regard to concentration, persistence or pace. (TR 23). However, in making findings as to plaintiff's residual functional capacity, the Law Judge did not include moderate difficulty with regard to concentration, persistence, or pace. Thus, the vocational expert did not consider such limitations in assessing plaintiff's capacity for alternate work activities. The Law Judge relied on the vocational expert's testimony in concluding that Mrs. Taylor remains capable of performing specific, light and sedentary work roles which exist in significant number in the national economy. Inasmuch as the evaluation of plaintiff's capacity for alternate work roles did not include consideration of all of plaintiff's nonexertional limitations, the court concludes that the Commissioner's final decision is not supported by substantial evidence. Based on this deficiency, the court believes that there is "good cause" for remand of Mrs. Taylor's case for additional consideration.

As previously noted, Mrs. Taylor cited depression as one of the causes of her disability when she filed her applications for disability insurance benefits and supplemental security income benefits. At some point after Mrs. Taylor made her request for a hearing before an Administrative Law Judge, the State Disability Agency referred plaintiff to Dr. Marvin A. Gardner, Jr., a psychologist, for a consultative evaluation. In her opinion, the Administrative Law Judge considered the consultative psychological report in finding moderate difficulties with regard to concentration, persistence, or

4

pace.[1] (TR 23). Despite making this finding, the Law Judge noted in her residual functional capacity assessment that plaintiff could be expected to understand, remember, and carry out simple instructions in repetitive, unskilled work, and that she is limited to only occasional interactions with the public. (TR 23). In the hypothetical question put to the vocational expert at the time of the administrative hearing, the Law Judge only asked the expert to consider that the "individual is able to understand, remember, and carry out simple instructions in repetitive, unskilled work that involves occasional interaction with the general public." (TR 67-68). The vocational expert testified that, given the Law Judge's residual functional capacity assessment, plaintiff could be expected to perform work as a laminating machine operator, blending tank tender helper, and sandwich board carrier. (TR 69). In finding that Mrs. Taylor retains sufficient functional capacity for alternate work roles, the Law Judge cited the three jobs identified by the vocational expert. (TR 30).

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the court is unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all of Mrs. Taylor's work-related limitations as found by the Administrative Law Judge. As a practical matter, it would

---

[1] Dr. Gardner also found that Mrs. Taylor experiences moderate limitations in her capacity to understand and remember simple instructions; carry out simple instructions; and make judgments on simple work-related decisions. (TR 703).

5

seem that the three jobs identified by the vocational expert involve production duties which require some measure of concentration, persistence, and attendance to task. Yet, the vocational expert was not asked to consider the interplay of moderate limitations in concentration, persistence, or pace. In such circumstances, the court believes that the Law Judge did not identify alternate work roles which properly take into account the particular manifestations of Mrs. Taylor's depression and stress disorder. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In her opinion, the Administrative Law Judge did not explain her decision not to include her findings of moderate limitations in concentration, persistence, or pace in her assessment of plaintiff's residual functional capacity. The court notes that the Commissioner sometimes argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple, routine, repetitive tasks. In the instant case, the Law Judge considered Mrs. Taylor to be so limited. However, the court does not believe that the hypothetical question, which assumed that plaintiff can perform unskilled work which requires nothing more than execution of simple job instructions, was sufficient to alert the vocational expert to the existence of moderate limitations in plaintiff's concentration, work persistence, and attendance to task. Indeed, the court believes that consideration of such limitations would be especially important in assessing capacity for production work.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without

6

explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638.

7

In summary, the court concludes that the hypothetical questions posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, or pace, are not consistent with the evidence of record. The court will remand this case for appropriate proceedings.

On appeal, plaintiff also contends the Administrative Law Judge erred in not crediting testimony given by the plaintiff at the administrative hearing. The court agrees that a fair reading of Mrs. Taylor's testimony suggests that plaintiff is unable to do any work on a regular and sustained basis. However, the court believes that the Administrative Law Judge might reasonably rely on the testimony of the two medical consultants in concluding that Mrs. Taylor's testimony is not fully consistent with the objective medical findings in her case. In any event, even assuming that the Law Judge's credibility findings are deficient, the court believes that the appropriate remedy would be to remand the case to the Commissioner for further consideration of this issue. Inasmuch as the court has determined to remand the case for other reasons, plaintiff will be permitted to make these credibility arguments to a fact finder at the time of a supplemental administrative hearing.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of July, 2015.

*[signature]*

Chief United States District Judge