CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONYA A. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 7:14CV00616<br><br>**MEMORANDUM OPINION**<br><br>By:  Hon. Glen E. Conrad<br>       Chief United States District Judge |

By memorandum opinion and order entered July 17, 2015, the court remanded this case to the Commissioner of Social Security for further consideration of plaintiff's claim for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381, et seq., respectively. The Commissioner has now filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking relief from the court's judgment. The plaintiff has filed a response. Having considered the arguments advanced in support of the Commissioner's motion, the court concludes that the motion must be denied.

The Commissioner once again argues that the opinion of the Administrative Law Judge, which was adopted as the final decision of the Commissioner, is supported by substantial evidence. For reasons adequately stated in the court's memorandum opinion, the court is unable to agree. As set forth in more detail in that opinion, the Administrative Law Judge in this case specifically found that plaintiff experiences moderate difficulties with regard to concentration, persistence, or pace. (TR 23). Yet, in her finding as to plaintiff's residual functional capacity, the Law Judge did not mention moderate difficulties with regard to concentration, persistence, and pace. Indeed, in a case

in which plaintiff alleged disability on the basis of depression, and in which much of the medical evidence documents treatment of what was diagnosed as major depressive disorder by the consultative psychologist, the plaintiff's residual functional capacity, as found by the Law Judge, makes reference only to limitations to unskilled work not involving more than occasional interactions with the public. (TR 23). Citing the recent decision of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the court ruled that the Law Judge failed to explain how plaintiff's moderate limitations in concentration, persistence, and pace were addressed by virtue of a finding of limitation to repetitive, unskilled work not involving substantial interactions with the public. Stated succinctly, the court observed that the ability to perform simple tasks does not necessarily equate with the ability to stay on task. See Mascio at 638.

The Commissioner now argues, in essence, that Mascio is limited to its facts, and that the court must engage in a "case by case approach" in determining the significance of moderate limitations in concentration, persistence, and pace. Citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011), the Commissioner maintains that moderate limitations in concentration, persistence, and pace can be subsumed under a limitation to "simple, routine tasks or unskilled work" based on the medical evidence in a particular case. Citing Social Security Ruling (SSR) 96-8p, the Commissioner asserts that restrictions in terms of concentration, persistence, and pace are "not a residual functional capacity assessment." Br. in Supp. of Mot. to Alter or Amend J. 4, Docket No. 23.

The court finds the Commissioner's arguments to be unavailing. Of course, based on the mental health evidence in a particular case, it is certainly possible for a fact finder to determine that

2

a particular claimant might engage in simple, unskilled work despite moderate impairments in concentration, persistence, and pace.[1] However, it is not appropriate for the Law Judge to proceed under the assumption that such moderate limitations are always subsumed under a finding of residual functional capacity for no more than repetitive, unskilled work. Once again, as noted by the Fourth Circuit, the ability to perform simple tasks differs from the ability to stay on task. Mascio at 638. Indeed, it would seem that the ability to concentrate and work with regularity and persistence is especially critical in the performance of production line, "quota" work that is often associated with simple, repetitive employment roles.

In the instant case, after finding that plaintiff experiences moderate difficulties in concentration, persistence, and pace, the Administrative Law Judge clearly did not undertake to explain why she believed that such difficulties do not affect plaintiff's capacity to perform work-related activities. The Law Judge did not cite any medical evidence which would support such a conclusion, nor did she explore the issue with the vocational expert so as to determine the importance of concentration, persistence, and pace in the jobs envisioned by the expert for the claimant.[2] In such circumstances, the court is unable to conclude that the Commissioner's treatment of plaintiff's case is supported by substantial evidence.

In all of the cases cited by the Commissioner in support of her motion, the recurring theme is that there must be some medical evidence and reasoning to support a conclusion that moderate

---

[1] This court has so found on other occasions. See, e.g., Jones v. Colvin, No. 7:14CV00273, 2015 WL 5056784 (W.D. Va. Aug. 20, 2015).

[2] As noted by the Commissioner in her memorandum in support of her Rule 59(e) motion, the report of the consultative psychologist raises some questions as to the degree of plaintiff's impairment in concentration, and the extent of the functional limitation associated therewith. However, the fact remains that the Law Judge found a moderate impairment in concentration, and that the Law Judge did not explain why she believed that plaintiff could still do work as an off bearer, blending tank tender helper, or sandwich board carrier, as found possible by the vocational expert, despite this impairment.

3

limitations in concentration, persistence, and pace do not result in work-related limitations which are inconsistent with the performance of unskilled work activity. This was true in <u>Mascio</u>, and the court believes that it is true in the instant case as well. Indeed, in <u>Winschel</u>, the Eleventh Circuit case in which the Commissioner places the greatest reliance, the Court concluded in its last two paragraphs as follows:

> In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.
>
> Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of Winschel's impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that Winschel could perform significant numbers of jobs in the national economy. Accordingly, we reverse. On remand, the ALJ must pose a hypothetical question to the vocational expert that specifically accounts for Winschel's moderate limitation in maintaining concentration, persistence, and pace.

631 F.3d at 1181. The court concludes that the same deficiency is present in the instant case.

For these reasons, which are stated in more detail in the court's earlier memorandum opinion, the court concludes that the defendant's motion for relief from judgment is without merit. An order denying the motion shall be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 19th day of November, 2015.

/s/ Ju Conrad
Chief United States District Judge

4